UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER KENNETH BOWLING,

    Petitioner,

v.

JOHN DAVIDS, *Warden*,

    Respondent.

Case No. 18-10276
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR EVIDENTIARY HEARING [31] AND TO APPOINT COUNSEL [32]**

Roger Kenneth Bowling, who is in state custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Bowling's petition raises six claims including ineffective assistance of trial and appellate counsel, denial of self-representation, denial of ability to confer with counsel during trial, and right to confrontation. Presently before the Court are his motions for an evidentiary hearing (ECF No. 31) and to appoint counsel (ECF No. 32). Neither are warranted at this time.

I.

On September 16, 2014, a Wayne County Circuit Court jury found Bowling guilty of two counts of first-degree (premeditated) murder, Mich. Comp. Laws § 750.316(1)(a), two counts of disinterment, mutilation, defacement, or carrying away of a human body, Mich. Comp. Laws § 750.160, one count of tampering with evidence, Mich. Comp. Laws § 750.483a(6)(b), and two counts of possessing a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. The trial court sentenced

him to life imprisonment for the murder convictions as well as lesser sentences for the other convictions.

Bowling challenged his convictions on appeal. He argued that the trial court violated his right to self-representation and compelled him to accept representation by an attorney he did not want. The Michigan Court of Appeals rejected these claims and affirmed Bowling's convictions. *See People v. Bowling*, No. 996917, 2016 WL 1039700 (Mich. Ct. App. Mar. 15, 2016) (unpublished). On October 26, 2016, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Bowling*, 886 N.W.2d 171 (Mich. 2016).

Bowling then filed a habeas petition in this Court in January 2018. (ECF No. 1.) He raised the following six claims: (1) the trial court deprived him of his right to counsel of choice; (2) the trial court deprived him of his right to self-representation; (3) the trial court forced him to go to trial with an unprepared attorney; (4) the trial court deprived him of his right to counsel when the court prevented him from conferring and consulting with counsel; (5) the trial court deprived him of his right of confrontation when the court held a hearing about counsel's unpreparedness in his absence; and (6) appellate counsel provided ineffective assistance by failing to investigate and raise significant and potentially meritorious arguments and by preventing him from raising issues in a supplemental brief.

Bowling simultaneously filed an application to hold the petition in abeyance. (ECF No. 2.) In this application, Bowling conceded that he did not raise all six claims in the state court. Bowling alleged that he raised claims one through three in state

court, but that he failed to exhaust state remedies for claims four through six. (ECF No. 2, PageID.24–25.) On March 31, 2018, the Court granted the application to hold the petition in abeyance and administratively closed this case. The Court ordered Bowling to file an amended habeas corpus petition and a motion to re-open his case within 90 days of exhausting state remedies if he was unsuccessful in state court and wished to return to federal court. (ECF No. 5, PageID.41.) On May 8, 2023, Bowling requested that the Court reopen the case, asserting that he had properly exhausted his claims in the state courts. (ECF No. 18.) The Court granted the motion and reopened this case on May 24, 2023. (ECF No. 19.) Respondent has filed an answer and the relevant Rule 5 materials. (ECF Nos. 24, 25.)

Now, Bowling asks the Court to hold an evidentiary hearing on his claims and to appoint counsel.

## II.

Turning first to the request for an evidentiary hearing, Bowling's motion is premature. On habeas corpus review, the findings and decisions of a state trial court are the "main event." *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Accordingly, the Antiterrorism and Effective Death Penalty Act (AEDPA) tightly restricts a federal court's ability to review a decision of a state trial court. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); 28 U.S.C. § 2254(d). And where AEDPA applies, this Court's review is limited solely to "the record that was before the state court that adjudicated" the habeas corpus claims "on the merits." *Pinholster*, 563 U.S. at 181. But the Court has yet to determine whether AEDPA applies to Bowling's claims. And until the

3

Court determines whether AEDPA applies to his claims, the Court cannot expand the record by way of an evidentiary hearing. *See Pinholster*, 563 U.S. at 185–86. So, for now, the Court must decline Bowling's invitation to hold an evidentiary hearing.[1]

Bowling is also not entitled to the appointment of counsel at this time. A petitioner has no absolute right to counsel in a federal habeas corpus proceeding, *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005), and so the appointment of counsel is committed to this Court's discretion, *see Arms v. State of Tenn.*, 810 F.2d 199 (6th Cir. 1986). Indeed, "[a]ppointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required." *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004). But this Court has already determined that an evidentiary hearing is unnecessary.

Additionally, "[t]he appointment of counsel in a civil proceeding . . . is justified only in exceptional circumstances," and "[t]o determine whether these exceptional circumstances exist, courts typically consider 'the type of case and the ability of the plaintiff to represent himself.'" *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003) (internal citations omitted). Upon a preliminary review of Bowling's petition, this appears to be a relatively straightforward habeas case with familiar claims. Bowling has represented himself well so far, as demonstrated by the petitions and motions he

---

[1] Under 28 U.S.C. § 2254(e)(2), if Bowling "failed to develop the factual basis of a claim in State court proceedings," this Court can only hold an evidentiary hearing in limited circumstances. *But see McFarland v. Yukins*, 356 F.3d 688, 712 (6th Cir. 2004) ("We have held that a petitioner who was diligent in seeking a state evidentiary hearing, but whose requests were denied in the state courts, did not '[fail] to develop the factual basis of the claim' and therefore the heightened standard of § 2254(e)(2) was inapplicable.").

has filed to date. He has thus far demonstrated a capability of pursuing his claims without counsel.

### III.

Thus, Bowling's motion for an evidentiary hearing (ECF No. 31) and motion to appoint counsel (ECF No. 32) are DENIED.

In his verified statement supporting his motion to appoint counsel (ECF No. 34) Bowling alternatively requests an extension to file a reply because of his recent hospitalization and hip replacement surgery. Considering these facts, the Court will GRANT Bowling's request and extend his deadline to file a reply until February 28, 2025.

SO ORDERED.

Dated: December 26, 2024

s/ Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE